CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada

DANIEL P. TALBERT, SBN OH 0084088
Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (510) 970-4860
Facsimile: (415) 744-0134
E-Mail: Daniel.Talbert@ssa.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANE S. ROBINSON, ) | Case No.: 2:21-cv-00721-DJA |
| Plaintiff, ) | |
| vs. ) | **UNOPPOSED MOTION FOR A SECOND EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER; DECLARATION OF JEBBY RASPUTNIS** |
| KILOLO KIJAKAZI, ) Acting Commissioner of Social Security, ) | |
| Defendant.[1] ) | **(*SECOND REQUEST*)** |

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Defendant, Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner"), by and through his undersigned attorneys, hereby moves for a first sixty-day extension of time to file the Certified Administrative Record (CAR) and answer to Plaintiff's Complaint.  The CAR and answer to Plaintiff's Complaint are due to be filed by September 10, 2021.

Defendant makes this request in good faith and for good cause, because the CAR, which must be filed with the Answer and is necessary to adjudicate the case, is not yet available.  The public health emergency pandemic caused by COVID-19 has significantly impacted operations in the Social Security Administration's Office of Appellate Operations (OAO) in Falls Church, Virginia, which is responsible for producing the CAR that must be filed with the Answer, per 42 U.S.C. §§ 405(g) and (h). As detailed in the attached declarations from Jebby Rasputnis, Executive Director of the OAO, beginning mid-March 2020, OAO restricted physical access to the Falls Church building, which impacted the production of CARs because physical access was previously required to produce CARs. OAO has since developed and employed a new business process to produce CARs. Much of the difficulty in producing CARs stemmed from the old process of transmitting hearing recording to vendors for transcription, how the vendors transcribed the recordings, and how the vendors provided the completed transcripts to OAO. OAO changed this process by reworking how the audio files are submitted, seeking additional vendor capacity, and increasing in-house transcription capacity. With these changes, OAO is now able to produce more than 700 transcripts a week, a significant increase over the pre-COVID-19 average of 300-400 hearing transcripts a week.

Despite these improvements, OAO still faces a significant backlog of cases due to the combined effects of pandemic-related disruption and a marked increase in district court filings (up almost 800 cases per month, a 54% increase). Overall, the timeframe for delivering a CAR in an individual case has improved. Because of this, OAO is making progress in its backlog of cases. At the end of January 2021 OAO had 11,111 pending cases. As of August 9, 2021, OAO had 3,760 pending cases, representing a decrease in our backlog of nearly 7,350 cases over seven months. OAO continues to work on increasing productivity by collaborating with our vendors and searching out and utilizing technological

enhancements. Defendant asks this Court for its continued patience as OAO works to increase its efficiency and production of CARs, reduce the current backlog, and address rising court case filings. Counsel for Defendant further states that the Office of General Counsel (OGC) is monitoring receipt of transcripts on a daily basis and is committed to filing Answers promptly upon receipt and review of the administrative records.

Given the volume of pending cases, Defendant requests an extension in which to respond to the Complaint until November 9, 2021. If Defendant is unable to produce the certified administrative record necessary to file an Answer in accordance with this Order, Defendant shall request an additional extension prior to the due date.

On September 2, 2021, the undersigned conferred with Plaintiff's counsel, who has no opposition to the requested extension. It is therefore respectfully requested that Defendant be granted an extension of time to file the CAR and answer to Plaintiff's Complaint, through and including November 9, 2021.

Dated:  September 3, 2021

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

/s/ *Daniel P. Talbert*
DANIEL P. TALBERT
Special Assistant United States Attorney

IT IS SO ORDERED:

_____
HON. DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: September 7, 2021

# CERTIFICATE OF SERVICE

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 160 Spear Street, Suite 800, San Francisco, California 94105. I am not a party to the above-entitled action. On the date set forth below, I caused service of **UNOPPOSED MOTION FOR A FIRST EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER; DECLARATION OF JEBBY RASPUTNIS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which provides electronic notice of the filing:

>Hal Taylor
>haltaylorlawyer@gbis.com
>
>Mark D. Bennett
>Mark@mydisabilityattorney.com
>
>Attorneys for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

>Dated: September 3, 2021

>>/s/ *Daniel P. Talbert*
>>DANIEL P. TALBERT
>>Special Assistant United States Attorney

DECLARATION OF JEBBY RASPUTNIS
OFFICE OF APPELLATE OPERATIONS
SOCIAL SECURITY ADMINISTRATION

I, JEBBY RASPUTNIS, Executive Director of the Social Security Administration's Office of Appellate Operations (OAO), declare and state as follows:

1) My office is responsible for, among other things, preparing certified copies of administrative records (CARs) for Federal court review when claimants appeal the final decisions of the Commissioner of Social Security.

2) Beginning in mid-March of 2020, the Social Security Administration (agency) restricted physical access to our buildings because of the COVID-19 pandemic. Since that time, OAO has been working to overhaul, redo, refine, and streamline our business processes to continue operations and meet our mission to serve the public. Despite many challenges in transitioning to a completely new business process, we have reached and surpassed pre-pandemic levels of CAR production. Much of the delay and uncertainty in the CAR production process has stemmed from how we transmit hearing recordings to our vendors, and how our vendors return completed transcripts to us. We have worked hard to refine this process as well as implementing new processes, updating vendor agreements, and making staffing changes. These included:

- reworking how we transmit the audio files to our vendors from a fully in-person exchange of CDs and completed transcripts to a now fully direct access and electronic exchange of completed transcripts;

- seeking additional vendor capacity;

- leveraging in-house transcription capacity by establishing a transcription cadre with updated technology and working with agency closed captioners; and

- working to add even more vendor production capacity.

3) After our newest vendors begin production, we anticipate being able to routinely produce over 700 transcripts per week. Prior to the COVID-19 pandemic, we averaged 300-400 hearing transcriptions per week.

4) As we worked to transition this workload, and our external vendors, to a fully virtual process, the number of new cases filed in federal court also increased.[1] This was a direct result of the agency's initiative to reduce the number of requests for administrative review pending before the Appeals Council, the final step of the administrative process. While we had planned for this increase, the combined effects of the pandemic-related disruptions and the increase in new court filings lead to a significant backlog in CAR preparation.  However, as a result of our process improvements, increased production capacity from our contracted transcription vendors, and the number of new cases filed in federal court returning to normal levels, we now have begun reducing our pending backlog.  At the end of January 2021 we had 11,109 pending cases.  As of August 09, 2021 we had 3,760 pending cases, representing a decrease in our backlog of nearly 7,350 cases over the last seven months.

---

[1] In the last quarter of fiscal year 2020 and the first quarter of fiscal year 2021, we averaged more than 2,257 new case receipts per month, compared to an average of 1,458 new case receipts in the last quarter of fiscal year 2019 and the first quarter of fiscal year 2020.  *See also Chief Justice Roberts' 2020 Year-End Report on the Federal Judiciary, Appendix Workload of the Courts,* available at https://www.supremecourt.gov/publicinfo/year-end/2020year-endreport.pdf ("Cases with the United States as defendant grew 16% [in FY20], primarily reflecting increases in social security cases and prisoner petitions.")

Page **2** of **5**

The following chart shows OAO's receipts, dispositions[2] and pending CAR workload for the last seven months of FY2021.

| Time Period | New Court Case Receipts | Dispositions | Pending |
|---|---|---|---|
| JAN 2021 | 2,636 | 1,767 | 11,109 |
| FEB 2021 | 1,880 | 2,312 | 10,677 |
| MAR 2021 | 1,592 | 2,811 | 9,458 |
| APR 2021 | 2,169 | 2,876 | 8,751 |
| MAY 2021 | 1,298 | 2,551 | 7,498 |
| JUNE 2021 | 950 | 2,206 | 6,242 |
| JULY 2021 | 1,202 | 3,137 | 4,307 |

5) OAO continues to address the significant workflow fluctuations the agency has experienced since approximately March 2020. The following line graph tracks three different workflow measures since the beginning of FY2019 and how they intersect:

   a. **Green**: requests for review decided by the Appeals Council;

   b. **Blue**: new federal court cases about which the Appeals Council has been notified; and

   c. **Gold**: CARs docketed by the Office of the General Counsel (OGC).[3]

---

[2] While dispositions primarily include CARs for filing with the court, it also includes requests for remand to the ALJ for further actions, and other actions. https://www.ssa.gov/appeals/DataSets/08_National_New_Court_Cases_and_Remands.html.

[3] For Appeals Council dispositions (green line) and new federal court case about which the Appeals Council has been notified (blue line), the graph is based on publicly-available data that is published quarterly. *See* https://www.ssa.gov/appeals/publicusefiles.html. The data for CAR

The graph shows the deviation from the average for each of these three workflow measures.[4] Notably, this visual representation illustrates the rapid changes that began in March 2020 through July 2021.



6) Due to the volume of work as well as the multiple changes to our business process, we have experienced challenges consistently prioritizing the oldest cases first. We are now pleased to report that we have provided CARs to OGC for all new court cases, that are stored electronically, in which we were notified by OGC prior to December 31, 2020. We will continue to establish goals to reach targeted benchmarks for prioritizing the oldest cases.

7) With respect to the small number of our cases, less than 1%, that are kept in paper because the claim originated before the inception of our Electronic Disability Collect

---

docketing (gold line), is drawn from the agency's internal case tracking systems. All data sets, while presumed valid, may change subject to updating and ongoing validation.

[4] The averages are calculated since October 2018. By way of example, in March 2020, OGC docketed about 80% fewer CARs than average, while the Appeals Council acted on about 60% more requests for review than average.

System, or because the claim involves something other than disability (e.g. denial of Retirement or Survivor's benefits or denial of a request to waive recovery of overpayment), we continue to make significant progress. Although we must still process these cases by hand[5] and on site, our minimal on-site staff has been able to attend to more of these cases, as the backlog of our electronic CARs has declined. In January 2021, we had 109 paper claims files pending. Currently, we have 34 paper claims files pending and we have provided CARs to OGC for all new court cases that are stored in paper, in which we were notified by OGC prior to December 31, 2020.

8) Although we remain subject to some constraints, we continue to work on increasing productivity, and our aged-order case processing, by collaborating with our vendors and searching out and utilizing technological enhancements. We ask for continued patience as we work to increase our efficiency and production of CARs to reduce the current backlog.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 10, 2021            /s/ *Jebby Rasputnis*
                                  Jebby Rasputnis

---

[5] Once a paper claims is located and received in OAO's office, the next step in the process of creating a CAR is the in-office, in person labor of photocopying or scanning each page of evidence in the paper file. This can take several hours or days and can only be done in OAO's office, where records can be kept confidential with agency photocopying and high-speed scanning equipment.